

Frederick L. Cottrell, III
302-651-7509
Cottrell@rlf.com

February 21, 2019

**VIA ELECTRONIC FILING**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:   *Dorco Co., Ltd. v. The Gillette Co. LLC*, C.A. No. 18-1306 (LPS) (CJB)

Dear Judge Burke,

Pursuant to the Court's February 15, 2019 Oral Order, Dorco hereby submits this letter regarding the protective order dispute scheduled for a teleconference with the Court on February 27, 2019. As set forth in paragraph 3 of the Court's Scheduling Order (D.I. 51), the parties conferred and reached agreement, except on three provisions of the proposed protective order: (1) the description of "Highly Confidential -- Outside Counsel's Eyes Only" information (Exhibit 1 at ¶ 2); (2) the number and identity of in-house designees permitted access to Confidential information (*id.* at ¶ 10), and (3) the scope of the prosecution bar (*id.* at ¶ 25). (*E.g.*, Ex. 1; Ex. 2.)

1. **"Highly Confidential -- Outside Counsel's Eyes Only" (Exhibit 1 at ¶ 2)**

The parties agree on a two-tier confidentiality provision, whereby information may be designated as "Confidential" or "Highly Confidential -- Outside Counsel's Eyes Only." The parties also agree on the description of "Confidential" information in paragraph 1 of Exhibit 1. Gillette's description of "Highly Confidential" information in paragraph 2, however, is vague and too narrow, particularly as to competitive technical information other than "manufacturing specifications or procedures." Dorco's proposed language clarifies that the "Highly Confidential" designation may also apply to proprietary design, research & development, and technical information that is maintained as highly confidential in the producing party's business, such as new product development and customer-specific information. Such categories are routinely included as "Highly Confidential" in protective orders entered in this jurisdiction. *E.g.*, *Seneca IP Licensing LLC v. Oki Data Americas, Inc.*, 18-057-LPS-CJB, D.I. 45 at ¶ 2.

2. **In-House Access to Confidential Information (Exhibit 1 at ¶ 10)**

Regarding the number and identity of in-house designees who are permitted access to the lower-tiered "Confidential" information, Dorco proposes that *one* in-house designee from each *party* have access to the opposing party's "Confidential" information. Gillette proposes three designees, all of whom are employed by Proctor & Gamble (P&G), *a non-party* to this litigation. The parties in this case are fierce, direct competitors, with a history of litigation between them.

Dorco thus seeks to bilaterally limit access by in-house designees to one in-house designee from each party, to limit the risk of inadvertent disclosure or misuse, a well-recognized harm in cases involving direct competitors.  *See, e.g.*, *PhishMe, Inc. v. Wombat Sec. Tech., Inc.*, No. 16-403, 2017 WL 4138961, at *8 (D. Del. Sept. 8, 2017).

### 3. The Prosecution Bar (Exhibit 1 at ¶ 25)

On the proposed prosecution bar, the parties agree that those who access another's "Highly Confidential" information should not, for a specified period, participate in any patent claim drafting, amendments, revisions, or modifications relating to technology for retaining razor blades within a razor cartridge.  The parties also agree that the prosecution bar should not preclude any person from participating in post-grant proceedings at the U.S. Patent and Trademark Office, except that such persons shall not assist in any patent claim drafting or amendments.

In fact, participation in patent claim drafting and amendments was the ***only*** concern Gillette identified during the parties' meet and confer.  Dorco's proposed prosecution bar fully addresses Gillette's concern, by prohibiting persons with access to "Highly Confidential" information from participating in drafting, revising, amending or modifying patent claims related to technology for retaining razor blades within a razor cartridge.  Dorco's narrowly tailored proposal addresses the sole potential harm identified by the parties and is consistent with other prosecution bars entered by this Court.  *E.g.*, *Seneca IP Licensing LLC v. Oki Data Americas, Inc.*, 18-057-LPS-CJB, D.I. 45 at ¶ 7 (applying the prosecution bar only to those who access attorneys' eyes only information or source code material and not to those who access "Confidential" information, which included the single in-house designee from each party).

Gillette's proposal goes further by extending the prosecution bar to those who access the lower-tiered "Confidential" information.  This would preclude Dorco's in-house designee from performing his job duties.  Unlike Gillette, who can easily "wall off" multiple in-house attorneys from all prosecution activities, Dorco's in-house patent legal team comprises just one attorney who is charged with overseeing Dorco's patent litigation and patent prosecution.  Thus, Gillette's proposal places Dorco in the untenable position whereby its sole in-house patent attorney would have to choose between foregoing his job duties overseeing Dorco's patent litigation or patent prosecution.  But this dilemma is unnecessary given the two-tier confidentiality provisions.  Any information that should not be accessed by persons involved in patent prosecution can be designated as "Highly Confidential," subjecting it to the prosecution bar.

Dorco respectfully requests that its proposals on paragraphs 2, 10, and 25 provide necessary clarification to the scope of the protective order, while at the same time remain narrowly tailored to address the potential harm the protective order seeks to guard against.

                Respectfully,

                */s/ Frederick L. Cottrell, III*

                Frederick L. Cottrell, III (#2555)

cc:  All Counsel of Record (via email)