# EXHIBIT 1

| ¶ | Dorco | Gillette |
|---|-------|----------|
| 25 | Any individual that receives Highly Confidential information pursuant to this Protective Order shall not participate in any "Prosecution" for a party directed to technology for retaining razor blades within a razor cartridge. As used herein, "Prosecution" means participating in or direct contribution to drafting, revising, amending, or modifying--or advising regarding the drafting, revising, amending or modifying--the scope of patent claims during prosecution proceedings in the United States or in any foreign country related to technology for retaining razor blades within a razor cartridge. This prohibition on Prosecution shall begin when an individual subscribes to this Protective Order and shall end two (2) years after the conclusion of this action, including any appeals, and in the case of an attorney who has appeared in this action and subsequently files a notice of withdrawal, one (1) year after filing the notice of withdrawal.  This prosecution bar is personal to the person subscribing to this Protective Order and shall not be imputed to any other person or entity. For the avoidance of doubt, "Prosecution" as used herein does not mean (a) any acts taken to discharge the duty of candor and good faith in any proceeding related to the asserted patent or technology for retaining razor blades within a razor cartridge; (b) ministerial activities that occur during prosecution of patent proceedings, including, for example, reviewing and signing inventor declarations; or (c) participating in or advising on opposition, inter partes review, interference, or other post-grant proceedings before the United States Patent and Trademark Office or any foreign patent-granting authority, except that participation in those proceedings should not involve drafting, revising, | Any counsel representing a party, whether in-house or outside counsel, who receives "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information pursuant to this Protective Order shall not prepare, prosecute, supervise, or substantively assist in the drafting or amending of patent claims in any domestic or foreign patent prosecution regarding technology for retaining razor blades within a razor cartridge, within three (3) years from the disclosure of the "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information or one (1) year after conclusion of this litigation (including any appeals), whichever period is longer.   Any counsel representing a party, whether in-house or outside counsel, who receives "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information pursuant to this Protective Order, shall not shall not amend, draft, or otherwise substantively assist in the drafting or amending of patent claims in, any opposition proceeding, reissue proceeding, *ex parte* reexamination, *inter partes* reexamination, *inter-partes* review, or other post-grant review |

| ¶ | Dorco | Gillette |
|---|-------|----------|
|   | amending, or modifying of patent claims related to technology for retaining razor blades within a razor cartridge | |
| 10 | Subject to paragraphs 11 and 25 below, "Confidential" information may be disclosed by the receiving party only to the individuals identified in paragraph 9 and 14 and: **One** in-house counsel designee of each party.  The designated individuals shall be as follows: | Subject to paragraphs 11 and 25 below, "Confidential" information may be disclosed by the receiving party only to the individuals identified in paragraph 9 and 14 and: **Three** in-house counsel designee of each party.  The designated individuals shall be as follows: |
| 2 | For purposes of this Protective Order, the "Highly Confidential – Outside Counsel's Eyes Only" designation means that the document or thing contains nonpublic information related to . . . **proprietary design documentation, research and development, technical data or information, or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business** that is not publicly known and is of technical or commercial advantage to its possessor | For purposes of this Protective Order, the "Highly Confidential – Outside Counsel's Eyes Only" designation means that the document or thing contains nonpublic information related to . . . **highly sensitive trade secret information regarding manufacturing specifications or procedures or forward-looking technical information** that is not publicly known and is of technical or commercial advantage to its possessor |

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DORCO COMPANY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 18-1306-LPS |
| | ) | |
| THE GILLETTE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PROTECTIVE ORDER**

Plaintiff, Dorco Company, Ltd. ("Dorco") and Defendant, the Gillette Company ("Gillette")

stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following

Protective Order may be entered by the Court:

**I.      PROCEEDINGS AND INFORMATION GOVERNED**

1.      This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs

any document, information, or other thing furnished by any party to any other party, and it

includes any non-party who receives a subpoena in connection with this action, subject to the

consent of that non-party to its application thereto. For purposes of this Protective Order only,

any non-party that produces information subject hereto shall be considered a "party" as that term

is used herein. The information protected includes, but is not limited to: answers to

interrogatories; answers to requests for admission; responses to requests for production of

documents; deposition transcripts and videotapes; deposition exhibits; results or documentation

of inspection or testing under Federal Rule of Civil Procedure 34; and other writings or things

produced, given or filed in this action that are designated by a party as "Highly Confidential –

Outside Counsel's Eyes Only" or "Confidential" in accordance with the terms of this Protective

Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

## II.    DESIGNATION AND MAINTENANCE OF INFORMATION

2.    For purposes of this Protective Order, the "Highly Confidential – Outside Counsel's Eyes Only" designation means that the document or thing contains nonpublic information related to (1) highly sensitive financial and economic information, including financial planning, financial performance, financial business plans, competitive strategies, and business relationships; (2) patent applications that are not yet published; and (3) [**Dorco**: proprietary design documentation, research and development, technical data or information, or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business; **Gillette**: highly sensitive trade secret information regarding manufacturing specifications or procedures or forward-looking technical information] that is not publicly known and is of technical or commercial advantage to its possessor, except insofar as such information is subject to designation under paragraph 3 below. "Highly Confidential – Outside Counsel's Eyes Only" does not include, and this Protective Order does not apply to, information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.    For purposes of this Protective Order, the "Confidential" designation means that the document or thing is comprised of commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential and includes information that the producing party deems sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive information, or information capable of being utilized for the preparation or prosecution

2

of a patent application dealing with such subject matter. "Confidential" does not include, and this Protective Order does not apply to, information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4.      Documents and things produced during the course of this litigation within the scope of paragraphs 2 or 3 above may be designated by the producing party as containing "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information by placing on each page and each thing the applicable legend below:

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

or

**CONFIDENTIAL**

A party may designate information disclosed at a deposition as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after receiving a finalized transcript or recording of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential." If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as "Highly Confidential – Outside Counsel's Eyes Only," unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions

3

designated in such notice must thereafter be treated in accordance with this Protective Order. It is
the responsibility of counsel for each party to maintain materials containing "Highly Confidential
– Outside Counsel's Eyes Only" or "Confidential" information in a secure manner and
appropriately identified so as to allow access to such information only to such persons and under
such terms as is permitted under this Protective Order. At the designating party's option, the
reporter shall separate all portions of a deposition transcript designated as containing "Highly
Confidential – Outside Counsel's Eyes Only" or "Confidential" information and bind such
portions separately from the nonconfidential portions of the deposition transcript. The reporter
shall prominently mark transcripts containing "Highly Confidential – Outside Counsel's Eyes
Only" or "Confidential" information on the cover and each page of such separately bound
portions of the deposition transcript.

## III.    INADVERTENT FAILURE TO DESIGNATE

5.      Except as set forth in paragraphs 2, 3, and 4, the inadvertent failure to designate or
withhold any information as confidential will not be deemed to waive a later claim as to its
confidential nature, or to stop the producing party from later designating such information as
confidential at a later time. Any notice concerning the designation or re-designation of a
document or thing shall be made within a reasonable time after discovery of inadvertent
disclosure and shall be made in writing and state with particularity that such information contains
"Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information. The
information must be treated by the receiving party as "Highly Confidential – Outside Counsel's
Eyes Only" or "Confidential" (as indicated by the producing party) from the time the receiving
party is notified in writing of the change in the designation. Also, upon receipt of such notice,
and upon receipt of a properly labeled document or thing within the scope of paragraph 4 above,
the receiving party or parties shall promptly return to the producing party's counsel or destroy

4

each unmarked or improperly marked document or thing (and any copies that may have been made). The receiving party or parties shall, to the extent reasonably possible, cooperate in restoring the appropriate level of confidentiality of such inadvertently produced document or thing.

6.     If a party through inadvertence produces or provides discovery that it believes is subject to a claim of privilege, work product immunity, or is otherwise protected from disclosure, the producing party may give prompt written notice to the receiving party or parties that the discovery is subject to a claim of privilege, work product immunity, or other protection from disclosure and request that the discovery be returned to the producing party. The receiving party or parties shall destroy or return to the producing party such inadvertently produced discovery, and all copies and derivations within five (5) business days of receiving a written request for the return of the information. Return of the discovery by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and usable in this action for reasons other than a waiver caused by the inadvertent production or providing of discovery. If such a motion is made, the burden of proof to show that a document or thing is entitled to a claim of privilege, work product immunity, or is otherwise protected from disclosure shall be on the producing party.

## IV.     PROCEDURE FOR OBJECTION TO DESIGNATION

7.     At any time prior to the final pretrial conference in this action, any party may object in good faith to the designation or re-designation of any "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information by providing counsel for the producing

party with written notice of the reasons for its objection. The producing party shall within ten (10) business days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation. Within five (5) business days thereafter, the parties shall confer in a good faith effort to resolve the matter. Failing such resolution, the receiving party shall then have ten (10) business days from that conference (the "Motion Period") to apply to the Court for relief or the objection is waived. The producing party retains the burden of establishing that the information was properly designated.

## V.    DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

8.    Information designated as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" may only be used for purposes of preparation, trial, and appeal of this action. Neither "Highly Confidential – Outside Counsel's Eyes Only" nor "Confidential" information may be used under any circumstances for any other proceeding, for prosecuting any patent application, for patent licensing, or for any other business, competitive, or other purpose.

9.    Subject to paragraph 11 below, "Highly Confidential – Outside Counsel's Eyes Only" information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of and have agreed in writing to the terms of this Protective Order prior to the disclosure to them of the "Highly Confidential – Outside Counsel's Eyes Only" information: (a) outside counsel for the receiving party in this action; (b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants and their necessary support staff; (d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer-database from documents; and (e) those individuals designated in paragraph 13.

6

10.    Subject to paragraphs 11 and 25 below, "Confidential" information may be disclosed by the receiving party only to the individuals identified in paragraph 9 and 14 and:

[**Dorco**: One in-house counsel designee of each party.  The designated individuals shall be as follows:

   (to be inserted) (Dorco)

   (to be inserted) (Gillette)

**Gillette**: Three in-house counsel designees of Dorco. The designated individuals shall be as follows:

   i.    (to be inserted)

   ii.    (to be inserted)

   iii.    (to be inserted)

Three in-house counsel designees of Gillette.  The designated individuals shall be as follows:

   i.    Joseph Heyd – Director & Associate General Counsel, Global Litigation at Procter & Gamble

   ii.    Joseph Stegbauer – Vice President & General Counsel – Corporate, Global Transactions and Global Business Units at Procter & Gamble

   iii.    Ken Patel – Vice President & General Counsel – Global Business Units and Chief IP Counsel at Procter & Gamble]

All in-house designees identified pursuant to this paragraph shall:  1) be informed of the terms of the Protective Order, as modified herein, prior to the disclosure to them of the "Confidential" information; and 2) sign the confidentiality agreement at Exhibit A of the Protective Order.  Prior to the disclosure of "Confidential" information to any in-house counsel

designee, counsel for the receiving party shall serve the executed confidentiality agreement of each in-house counsel designee on counsel for the producing party.

11.     Further, prior to disclosing "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information to a receiving party's proposed expert or consultant, the receiving party shall disclose such person in writing to the producing party and provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A. In the case of a proposed expert or consultant, the receiving party shall also provide to the producing party the résumé or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed expert or consultant. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed expert or consultant during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

12.     Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

13.     "Highly Confidential – Outside Counsel's Eyes Only" information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

8

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the person and persons to whom disclosure of "Highly Confidential – Outside Counsel's Eyes Only" information may be made under this Protective Order and who are bound by this Protective Order, may be present during the disclosure or discussion of "Highly Confidential – Outside Counsel's Eyes Only" information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

14.     "Confidential" information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the person and persons to whom disclosure of "Confidential" information may be made under this Protective Order and who are bound by this Protective Order, may be present during the disclosure or discussion of "Confidential" information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

15.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed information designated by a producing party as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" to any person or in any circumstance not authorized under this Order to receive such information, the receiving party must, as soon as is practicable: (a) notify in writing the producing party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute the acknowledgement form attached as Exhibit B.

## VI.     NON-PARTY INFORMATION

16.     The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## VII.     FILING DOCUMENTS WITH THE COURT

17.     If any party wishes to submit "Highly Confidential Outside – Counsel Eyes Only" or "Confidential" information to the Court, the submission must be filed under seal in conformance with the Court's rules and procedures. Materials filed under seal must include a cover page bearing the title of this matter, an indication of the nature of the contents of such sealed filing, the words "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY

10

INFORMATION – UNDER PROTECTIVE ORDER" or "CONFIDENTIAL -- UNDER

PROTECTIVE ORDER," as applicable, and a statement substantially in the following form, as

applicable:

> C.A. NO. 18-1306-LPS The following filing contains highly confidential – outside
>
> counsel's eyes only information, filed in this case by [name of party] and its content is
>
> not to be displayed or revealed except by order of the Court presiding over this matter
>
> or
>
> C.A. NO. 18-1306-LPS The following filing contains confidential information, filed in
>
> this case by [name of party] and its content is not to be displayed or revealed except by
>
> order of the Court presiding over this matter.

## VIII.  NO PREJUDICE

18.     Producing or receiving "Highly Confidential – Outside Counsel's Eyes Only" or

"Confidential" information or otherwise complying with the terms of this Protective Order, will

not (a) operate as an admission by any party that any particular "Highly Confidential – Outside

Counsel's Eyes Only" or "Confidential" information contains or reflects trade secrets or any

other type of confidential or proprietary information; (b) prejudice the rights of a party to object

to the production of information or material that the party does not consider to be within the

scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding

judge that particular materials be produced; (d) prejudice the rights of a party to apply to the

presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing

to alter or waive the provisions or protections provided for in this Protective Order with respect

to any particular information or material.

## IX.    CONCLUSION OF LITIGATION

19.    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall destroy or return to the producing party all materials and documents containing "Highly Confidential – Outside Counsel's Eyes Only" and "Confidential" information, and certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, including containing information provided pursuant to this Protective Order, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## X.    OTHER PROCEEDINGS

20.    By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## XI.    REMEDIES

21.    Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

## XII.    NO WAIVER

22.    Nothing in this Protective Order shall prejudice the right of either party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of either party to object to the admissibility at trial of any information or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

23.    Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not: (i) operate as an admission by any party that any particular information contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any party that any particular information is, or is not, relevant to this action.

## XIII.    PARTIES' OWN INFORMATION

24.    Nothing in this Protective Order shall limit a producing party's use of its own documents, things, or information unless otherwise ordered by the Court. Nor shall anything in this Protective Order prevent a producing party from disclosing its "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information to any person. Such disclosures shall not affect any designation of such documents as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information pursuant to the terms of this Protective Order so long as the disclosure is made in a manner reasonably calculated to maintain the confidentiality of the information.

## XIV.    PROSECUTION BAR

25.    **[Dorco**: Any individual that receives Highly Confidential information pursuant to this Protective Order shall not participate in any "Prosecution" for a party directed to technology

13

for retaining razor blades within a razor cartridge. As used herein, "Prosecution" means participating in or direct contribution to drafting, revising, amending, or modifying--or advising regarding the drafting, revising, amending or modifying--the scope of patent claims during prosecution proceedings in the United States or in any foreign country related to technology for retaining razor blades within a razor cartridge. This prohibition on Prosecution shall begin when an individual subscribes to this Protective Order and shall end two (2) years after the conclusion of this action, including any appeals, and in the case of an attorney who has appeared in this action and subsequently files a notice of withdrawal, one (1) year after filing the notice of withdrawal.  This prosecution bar is personal to the person subscribing to this Protective Order and shall not be imputed to any other person or entity.  For the avoidance of doubt, "Prosecution" as used herein does not mean (a) any acts taken to discharge the duty of candor and good faith in any proceeding related to the asserted patent or technology for retaining razor blades within a razor cartridge; (b) ministerial activities that occur during prosecution of patent proceedings, including, for example, reviewing and signing inventor declarations; or (c) participating in or advising on opposition, inter partes review, interference, or other post-grant proceedings before the United States Patent and Trademark Office or any foreign patent-granting authority, except that participation in those proceedings should not involve drafting, revising, amending, or modifying of patent claims related to technology for retaining razor blades within a razor cartridge.

**Gillette**: Any counsel representing a party, whether in-house or outside counsel, who receives "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information pursuant to this Protective Order shall not prepare, prosecute, supervise, or substantively assist in the drafting or amending of patent claims in any domestic or foreign patent prosecution

14

regarding technology for retaining razor blades within a razor cartridge, within three (3) years from the disclosure of the "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information or one (1) year after conclusion of this litigation (including any appeals), whichever period is longer.   Any counsel representing a party, whether in-house or outside counsel, who receives "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" information pursuant to this Protective Order, shall not shall not amend, draft, or otherwise substantively assist in the drafting or amending of patent claims in, any opposition proceeding, reissue proceeding, *ex parte* reexamination, *inter partes* reexamination, *inter-partes* review, or other post-grant review.]